NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALIXTO RODRIGUEZ : : Plaintiffs, : : : v. : : : THE TOWN OF WEST NEW YORK, : ALBIO SIRES, SAL VEGA, DONALD : : Defendants. : : : : | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 02-4046  (DMC) <br> (JURY TRIAL) |

DENNIS M. CAVANAUGH, U.S.D.J.:


      This matter comes before the Court upon Plaintiff Calixto Rodriguez's ("Rodriguez") motion for a new trial pursuant to Rule 59(a) of the F. R. Civ. P., following a jury verdict on October 29, 2004, in favor of Defendant Donald Heller ("Heller").  Specifically, Plaintiff requests a new trial based upon the Court's rulings on evidentiary issues concerning: 1) the testimony of former West New York police officers pertaining to police policies and procedures; 2) Plaintiff's treating physicians; 3) the testimony of Rolando Aroche under FRE 404(b); 4) the testimony of Donald Heller and Brian Dorman pertaining to Plaintiff's intoxication; 5) Plaintiff's

statements concerning his physical, mental and emotional condition; and 6) the Court's statement regarding a "cover-up" during Plaintiff's summation. No oral argument was heard on this matter pursuant to Fed. R. Civ. P. 78. Based on the reasons set forth, Plaintiff has not provided sufficient grounds to set aside the jury verdict and require a new trial. Therefore, Plaintiff's motion for a new trial is **denied**.

## BACKGROUND

Plaintiff initiated this lawsuit by filing a Complaint on August 20, 2002. Plaintiff's Complaint alleged Defendant violated Plaintiff's civil rights under 42 U.S.C.§ 1983.[1] Trial of this case was conducted from October 26, 2004, through October 29, 2004. The issues tried before the jury were whether Heller falsely arrested, maliciously prosecuted or used excessive force against Plaintiff in violation of his Forth amendment Rights under the United States Constitution. The jury returned a verdict of no cause in favor of Defendant on October 29, 2004.

## DISCUSSION

Standard of Review for New Trial

      Fed. R. Civ. P. 59(a) provides in part:

> A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any reasons for which new trials have heretofore been granted in actions at law in the courts of the United States....

---

[1] Plaintiff's Complaint was originally against Defendants Town of West New York, Albio Sires, Sal Vega and Donald Heller. Defendants Sal Vega and Albio Sires were dismissed in an Order filed March 15, 2004 and March 19, 2004 respectively. The parties stipulated to the dismissal of the town of West New York in an Order filed October 27, 2004. The case was tried against Defendant Donald Heller only.

Fed. R. Civ. P. 59(a).

It is within the discretion of the district court to grant a new trial however the court's discretion "is limited to those circumstances where a miscarriage of justice would result if the verdict were to stand." Abrams v. Lightolier, Inc., et al., 841 F.Supp. 584, 592 (D. N.J. 1994). Courts are very cautious in granting motions for new trials to avoid supplanting the jury's verdict with that of the court and "to ensure that a district court does not substitute its 'judgment of the facts and the credibility of the witnesses for that of the jury.'" Fineman v. Armstrong World Indus., Inc., 980 F.2d 171, 211 (3d Cir. 1992) (quoting Lind v. Schenley Indus., Inc., 278 F.2d 79, 90 (3d Cir.), cert. denied, 364 U.S. 835 (1960)).

When a Rule 59 motion is based upon a prejudicial error of law, the court has wide discretion in ruling on that motion. See Klein v. Hollings, 992 F.2d 1285, 1289-90 (3d Cir. 1993) ("The district court's latitude on a new trial motion is broad when the reason for interfering with the jury verdict is a ruling on a matter that initially rested within the discretion of the court, e.g. evidentiary rulings . . . ." (citations omitted)). Such a motion may be granted if: (1) Error was committed; and (2) the error was so prejudicial that a denial of a new trial would be inconsistent with substantial justice. Kennedy v. Lankenau Hosp. Jefferson Health Sys., 2000 U.S. Dist. LEXIS 13826, No. 97-5631,2000 WL 1367998, at *3 (E.D. Pa. 2000). Spinelli v. Costco Wholesale Corp., 2004 U.S. Dist. LEXIS 6243, 2-3 (D. Pa., 2004). The burden of proof on a motion for a new trial is on the movant. Graves v. Women's Christian Alliance, 2003 U.S. Dist. LEXIS 12154 (D. Pa., 2003).

In this case, Plaintiff is seeking a new trial based upon the Court's rulings on evidentiary issues concerning: 1) the testimony of former West New York police officers pertaining to police

policies and procedures; 2) Plaintiff's treating physicians; 3) the testimony of Rolando Aroche under FRE 404(b); 4) the testimony of Donald Heller and Brian Dorman pertaining to Plaintiff's intoxication; 5) Plaintiff's statements concerning his physical, mental and emotional condition; and 6) the Court's statement regarding a "cover-up" during Plaintiff's summation.  However, Plaintiff failed to provide the Court with relevant portions of the transcript as support for his contentions.   The absence of  the relevant portions of the trial transcript leaves this Court without any basis upon which to rule on the merits of Plaintiff's Motion.  See Gause v. City of Phila., 2001 U.S. Dist. LEXIS 17428, 9-10 (D. Pa., 2001).  A transcript is necessary when the complained of error concerns the preclusion of evidence. The complaining party must point to specific errors during trial, both for the benefit of the party responding to the post-trial motion and the Court, which must examine the complained of error within the specific context of the trial. See DiSalvio v. Lower Merion Sch. Dist., 2002 U.S. Dist. LEXIS 10847 (D. Pa., 2002). [2]

Plaintiff has failed to provide the Court relevant portions of the trial transcript in which he claims the Court committed substantial error.  As a result, the Court is left to rely exclusively on its recollection of the basis surrounding its  rulings.  While Plaintiff points to what he claims are specific errors committed during trial, absence of the trial transcript leaves his claims unsubstantiated.

---

[2] Pursuant to U.S. Dist. Ct., E.D. Pa., R. 7.1(e), a transcript is necessary when the complained of error concerns the preclusion of evidence. See DiSalvio v. Lower Merion Sch. Dist., 2002 U.S. Dist. LEXIS 10847 (D. Pa., 2002).  While the Local Rules of this District does not mandate the moving party to provide to the Court a copy of the relevant portions of the transcript, the underlying policy behind the rule is applicable in this case.

**CONCLUSION**

Based on the foregoing, it is the finding of the Court that Plaintiff's motion for a new trial pursuant to Rule 59(a) of the F.R.Civ.P. is hereby **denied.**

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Dated:        April 27, 2005
Original:     Clerk's Office
Copies:       All Counsel of Record
              The Honorable Mark Falk, U.S.M.J.
              File